————o————

No. 4507.

(Court of Appeal, Parish of Orleans.)

FRANCOIS BARES VS. LOUIS TERRE, ET ALS., AND CYRILLE ABADIE VS. GUILLAUME MOTHE, ET ALS.

Questions of facts only are involved herein.

Appeal from Civil District Court, Division "A."

Chas. Louque, for Plaintiff and Appellant.

Chas. Blank, P. P., H. E. & J. R. Upton, C. J. Theard, J. G. Robin and E. Pomes, Jr., for Defendants and Appellee.

ESTOPINAL, J. 'Questions of fact are involved in this case, and the effect of these and not the facts themselves, are contested.

Guillaume Mothe sold to Cyrille Abadie, on November 8, 1905, by act before John R. Upton, a Notary, a certain piece of real estate for the price and sum of Six Thousand Dollars ($6,000.00), one half of which, Three Thousand Dollars ($3,000.00) was paid in cash, and a note for the balance, Three Thousand ($3,000.00) Dollars, secured by mortgage and vendor's privilege on the property sold, was furnished by the purchaser, Cyrille Abadie.

On September 1st, 1906, Guillaume Mothe, obtained from Cyrille Abadie, Two Thousand Dollars ($2,000.00), and as an acknowledgment of this, received from Mothe, his (Mothe's) promissor note, made payable in one year and bearing interest at the rate of six per cent.

Prior to this Mothe had borrowed of one Bernard Maylie One Thousand Five Hundred Dollars ($1,500.00), and given Abadie's note as security. Shortly after securing the alleged loan of Two Thousand Dollars ($2,000.00) from Abadie, Mothe reduced his indebtedness to Maylie, by paying Five Hundred Dollars ($500.00) on account, and this circumstance, when taken in conjunction with Mothe's, as well as Abadie's testimony, shows satisfactorily that the alleged loan of Two Thousand Dollare ($2,000.00), by Abadie was intended to be applied and so considered by the parties to the payment of the note. The note given by Mothe was clearly intended as a receipt. It was drawn by the parties, and on its face shows a crude conception by them of the methods to be pursued in such cases.

It is hardly probable that Abadie, who owed Mothe Three Thousand Dollars ($3,000.00), should, two months before the maturity of that obligation, lend Mothe Two Thousand Dollare ($2,000.00), instead of paying his notes, and strarge also that he should lend his creditor a large sum and exact six

—11—

per cent (6%) while he was paying seven per cent (7%) on the paper secured by mortgage.

This controversy arises from a process of garnishment issuing at the instance of Francois Bares, a judgment creditor of Mothe's, to Maylie's widow, to which she answered that she held Abadie's note which had been given by Mothe to her deceased husband in pledge and as collateral security for a loan of One Thousand Five Hundred Dollare ($1,500.00), reduced to One Thousand Dollars ($1,000.00) with seven per cent (7%) from December 15, 1906. In due course the garnishee was ordered to deposit in Court the note of Three Thousand Dollare ($3,000.00), whereupon Cyrille Abadie, the plaintiff and mortgagee, filed his petition reciting that his indebtedness on said note was One Thousand Dollars ($1,000.00), together with the interest calculated at Two Hundred and Fifty-Seven Dollars and Forty-five Cents ($257.45), or a total of One Thousand Two Hundred and Fifty-seven Dollars and Forty-five Cents ($1,257.45), which amount he deposited in Court. Of this amount Mrs. Maylie received One Thousand and Sixty-five Dollars ($1,065.00), and the balance, One Hundred and Ninety-two Dollars and Forty-five Cents ($192.45), was decreed to belong to and was taken by Bares, Mothe's judgment creditor.

We have carefully read the testimony of both Abadie and Mothe, and from our appreciation of it we are convinced that the parties acting in good faith, entered into this arrangement whereby the passing of money from the mortgagee to the holder of the mortgage note before maturity of said mortgage note, though evidenced by a promissory note, was intended as a payment on said mortgage note, and this transaction, it may be noted, was entered into at a time not suspicious.

In questions of this kind involving a peculiar chain of facts relating to a business transaction where the parties are ignorant and careless in their transactions, though in good faith, this Court will attach great weight to the findings of the trial Judge, who both saw and heard the witnesses.

Counsel for the judgment creditor, able and always zealous, makes the point that because Mothe, the owner of the mortgage note, was not in possession of said note at the time that Abadie gave him the Two Thousand Dollars ($2,000.00), that then this money could not have been a payment on the mort-

gage note, but was a transaction dehors the note. This contention is without merit. Mothe's character of owner of the note always remained and was not divested by the temporary pledge of note as a security for a loan. The transaction was not as regular as it might and should have been, but it has been made sufficiently clear by both documentary and oral evidence to permit the Court to do equal justice to all the parties concerned.

The judgment of the lower Court decreeing that Abadie was not liable for more than the balance due by him to the holder of the mortgage note, and ordering the Recorder of Mortgages to cancel the mortgage inscription against the plaintiff's property and other relief granted in said judgment, was eminently proper, and it is affirmed.